1
2
3
4
5
6
7
8                             UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    NORMAN JOHN CRAIG,                          No.  2:22-cv-0708 DB P

12                    Plaintiff,

13            v.                                   ORDER

14    VERNON R. PIERSON, et al.,

15                    Defendants.

16

17

18          Plaintiff, a detainee at Napa State Hospital, proceeds without counsel and seeks relief

19    under 42 U.S.C. § 1983. This matter was referred to the undersigned by Local Rule 302. See also

20    28 U.S.C. § 636(b)(1). Plaintiff's complaint filed on April 25, 2022 is before the court for

21    screening. The complaint's allegations fail to state a claim. Plaintiff will be granted leave to file

22    an amended complaint.

23    **I.       In Forma Pauperis**

24          Plaintiff seeks to proceed in forma pauperis. (ECF No. 2.) Plaintiff's declaration makes

25    the showing required by 28 U.S.C. § 1915(a). The motion is granted.

26    **II.      Screening Requirement**

27          The court is required to screen complaints brought by prisoners seeking relief against a

28    governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

                                                 1

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In order to state a cognizable claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. The facts alleged must "'give the defendant fair notice of what the... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555). In reviewing a complaint under this standard, the court accepts as true the allegations of the complaint and construes the pleading in the light most favorable to the plaintiff. See id.; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

### III.    Allegations in the Complaint

The complaint's allegations address competency proceedings under California Penal Code § 1370 and the resulting conditions of confinement for mentally incompetent defendants at state hospitals. Plaintiff alleges state prosecutors routinely classify vulnerable criminal defendants, such as those who cannot afford bail or private counsel, and those who receive public assistance, into a "category qualifying them for suspension of due process and bail[.]" (ECF No. 1 at 3.) Plaintiff alleges psychiatrists at state mental hospitals maliciously prescribe psychotropic drug prescriptions as a form of extra-judicial punishment. (Id. at 3-4.) Plaintiff alleges hospital staff improperly form opinions and make treatment decisions based on discovery documents, such as

2

1    police reports, which contain unproven criminal allegations and arrest histories without the

2    context of the outcome of those prior arrests. (Id.) Plaintiff alleges the treatment of mentally

3    incompetent defendants constitutes class discrimination and violates due process. (Id. at 4.) He

4    further alleges it constitutes kidnaping and false imprisonment by the government, and causes

5    defamation of character, slander and libelous damage to occur. (Id.)

6         Plaintiff names as defendants El Dorado County District Attorney Vern Pierson, El

7    Dorado County Sheriff John D'Agostini, State of California Governor Gavin Newsom, and State

8    of California Attorney General Rob Bonta. (ECF No. 1 at 2.) Plaintiff seeks compensation for

9    victims and injunctive relief. (Id. at 6.)

10        **IV.    Plaintiff cannot prosecute a class action.**

11        To the extent plaintiff attempts to bring claims on behalf of other individuals as a class,

12   the complaint fails to state a claim. Plaintiff, who proceeds pro se, is limited to asserting claims

13   for violations of his own rights and may not litigate claims on behalf of others. See Fed. R. Civ.

14   P. 23(a)(4) (requiring that a class representative be able "to fairly and adequately protect the

15   interests of the class"); Halet v. Wend Inv. Co., 672 F.2d 1305, 1308 (9th Cir. 1982) (plaintiffs

16   must assert their own rights not those of third parties); McShane v. United States, 366 F.2d 286,

17   288 (9th Cir. 1966) (a lay person lacks authority to appear as an attorney for others). Plaintiff's

18   privilege to appear in propria persona is a privilege personal to him. McShane, 366 F.2d at 288.

19   Plaintiff lacks authority to prosecute claims for persons other than himself. Id.

20        **V.    Conclusion and Order**

21        The complaint does not allege any violations of plaintiff's own rights and therefore does

22   not state any cognizable claims. To the extent plaintiff wishes to pursue any individual claims

23   based on the complaint's allegations, plaintiff is granted leave to file an amended complaint. See

24   Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If plaintiff chooses to file an amended

25   complaint, it should be titled "first amended complaint" and must state what each named

26   defendant did that led to the deprivation of plaintiff's own constitutional rights. See Iqbal, 556

27   U.S. at 676-77.

28   ////

3

In the alternative, plaintiff may notify the court he wishes to stand on the complaint as it is currently pleaded. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004). If plaintiff chooses this option, then the undersigned will issue findings and recommendations to dismiss the complaint without further leave to amend, after which plaintiff will be granted an opportunity to file objections, and a district judge will determine whether the complaint states a cognizable claim. In the further alternative, if plaintiff does not wish to pursue his claims further, plaintiff may file a notice of voluntary dismissal, which will terminate this action by operation of law.

This opportunity to amend is not for the purpose of adding new claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Instead, plaintiff should focus efforts on identifying how his own rights have been violated and how each named individual defendant is personally responsible for the alleged violations.

An amended complaint supersedes the prior complaint, see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), and must be "complete in itself without reference to the prior or superseded pleading," E.D. Cal. Local Rule 220. Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in any amended complaint, plaintiff must sufficiently allege each claim and the involvement of each defendant.

**VI.    Order**

In accordance with the above, IT IS HEREBY ORDERED:

1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

2.  The Clerk's Office shall send plaintiff a blank civil rights complaint form.

3. Within thirty days from the date of service of this order, plaintiff must file one of the following:

   a.   An amended complaint curing the deficiencies identified in this order;

   b.   A notice of election to stand on the complaint as filed; or

   c.   A notice of voluntary dismissal.

////

////

4.  Failure to respond to this order will result in a recommendation that this action be dismissed for failure to obey a court order and failure to prosecute.

Dated:  November 7, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
crai0708.scrn

5